# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

GAIL HAMILTON-ZANDER                                                   PLAINTIFF

v.                      No. 4:04CV00484 JLH

NATIONAL MEDICAL HEALTH
CARD SYSTEMS, INC.                                             DEFENDANT

## **ORDER**

On the 8th day of July, 2005, the Court held a hearing by telephone on plaintiff's motion *in limine* (Docket #39) and on defendant's motion *in limine* (Docket #40). Both motions are granted in part and denied in part.

Plaintiff's motion to exclude all reference to the fact that the plaintiff is married for a second time is granted without objection. The defendant is precluded from alluding to the plaintiff's prior marriage.

Plaintiff's motion to exclude evidence of her performance in the area of card production is denied. That evidence is relevant under Fed. R. Evid. 401. The probative value of that evidence is not substantially outweighed by any danger of unfair prejudice.

Plaintiff's motion to preclude the defendant from referring to the fact that she does not have a bachelor's degree from college is denied. That evidence is relevant under Fed. R. Evid. 401. The probative value of that evidence is not substantially outweighed by any danger of unfair prejudice.

Defendant's motion *in limine* to exclude testimony regarding treatment of other female employees is denied. That evidence is admissible pursuant to *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097 (8th Cir. 1988), *superseded on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

Defendant's motion *in limine* to exclude evidence of a proposed severance agreement and release of claims is granted. That document is the type of document that should be excluded under Fed. R. Evid. 408. Plaintiff proposes to offer that document to show that the defendant discharged her. Plaintiff must prove that she was discharged in order to prove a necessary element of some of her claims. Therefore, she is offering the document to show that the defendant is liable. Moreover, the jury is likely to conclude that the defendant would not have proposed to enter into that severance agreement and release of claims unless the defendant was guilty of discrimination. The danger of unfair prejudice substantially outweighs any probative value that document may have. Therefore, that evidence will be excluded pursuant to Fed. R. Evid. 403 and 408. However, plaintiff may ask Mr. McLaughlin if he directed the preparation of a document stating, "As of Thursday, April 8, 2004 Employee's employment relationship with the Company will terminate."

The Court will reserve ruling on defendant's motion *in limine* to exclude evidence of the Arkansas Employment Security Department's determination that defendant discharged plaintiff from her employment. The parties are directed to advise the Court of any authority on the issue of whether decisions by the Arkansas Employment Security Department or similar administrative agencies give rise to issue preclusion. The parties should also brief as a separate issue whether, if ESD decisions do not give rise to issue preclusion, the failure to appeal such a decision can be admitted into evidence as an admission against interest.

IT IS SO ORDERED this __8th__ day of July, 2005.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE